Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE, SR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6822 | **DATE** | 1-31-2008 |
| **CASE TITLE** | Donald J. Zawada (#243980) v. United States of America, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [6] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $ 16.66 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at St. Joseph County Jail. This action is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Any other pending motions are denied as moot. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.] M

Mail AO 450
Docketing to mail notices.

## STATEMENT

Plaintiff Donald J. Zawada is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $ 16.66. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Under 28 U.S.C. § 1915A(b)(1), the Court is directed to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

Plaintiff is currently detained at the St. Joseph County Jail in South Bend, Indiana, and has named as defendants the United States of America, two district court judges for the Southern District of Indiana, the commander of the St. Joseph County Indiana Prosecutor's Office, a United States attorney and two special agents, and an officer of the Lakeville Indiana Police Department. Plaintiff does not state under which statute he is bringing this action, but it appears that he is bringing it under both 42 U.S.C. § 1983 and as a *"Bivens* action" under 28 U.S.C. § 1331(a) since he has named both state and federal defendants.

A search of the U.S. Party Index shows that Plaintiff was found guilty on December 28, 2007, of coercion or enticement of a female under 18 years of age and transfer of obscene materials to a minor under 16 years of age. *See United States of America v. Zawada*, No 06-cr-00120 (N.D. Ind.).

Plaintiff alleges that:

... due to incompetence, use of "draft" procedures, non-sanctioned guidelines and procedures, not approved by law enforcement procedures; non-sterile operating environments, inexperience, improper use of tools and software applications in violation of known laws, negligence of proper process, fact finding, hearsay, lack of knowledge and skill; resulting in evidence fabrication, tampering, evidence manipulation, confusion, intentional and or accidental or improper combination of electronic media, medium and data, mishandling of electronic evidence; giving false, cultivated, bias, discrepant inflamation, incorrect, fabricated, deluded testimony in documentation, verbal assault and diatribe did purposely slander, assault and assassinate the character, good name and career of Mr. Zawada in the public forum of Federal Criminal Court, his community, television, radio and print media, including the Information Technology and Telephonic profession and communities.

Plaintiff seeks recompense for his alleged losses.

To the extent Plaintiff is challenging his conviction, this action is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87(1994), in which the United States Supreme Court held that:

... in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. ...

This same analysis applies to *Bivens* actions. *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). Plaintiff appears to be challenging actions that took place during his trial. His conviction, however, has not been declared invalid or been expunged. Plaintiff therefore cannot bring either a § 1983 action or a *"Bivens"* action for money damages until such time as his conviction has been negated in some manner.

To the extent that Plaintiff is claiming that his reputation has been sullied, defamation is not a constitutional violation. *Paul v. Davis*, 424 U.S. 693 (1975).

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).